IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DOCUMENT ELECTRONICALLY FILED

| | |
|---|---|
| KIRSTY FRYER,<br><br>　　　　Plaintiff,<br><br>v.<br><br><br>BARD COLLEGE, BARD COLLEGE AT SIMON'S ROCK,<br><br><br>　　　　Defendants. | CIVIL ACTION No.:<br><br><br><br><br>COMPLAINT<br><br><br>Do you want a jury trial?<br><br>YES [x]　　NO [ ] |

## PARTIES

1. Plaintiff Kirsty Fryer, is a resident of Texas living at 2625 River Way, in the city of Spring Branch.

2. Defendant Bard College upon information and belief is a corporation organized under the laws of New York and operates as a college located in the city or town of Annandale-On-Hudson in the County of Dutchess, State of New York.

3. Defendant Bard College at Simon's Rock upon information and belief is a nonprofit corporation now merged in Bard College, and operates as Simon's Rock Early College, a college located on Alford Rd, city or town of Great Barrington, in the State of Massachusetts.

## JURISDICTION

4. Jurisdiction in this is case is based upon diversity of citizenship under 28 U.S.C.1332.

in that the parties to this action are citizens of different states and the amount in controversy exclusive of interest and costs is in excess of $75,000 (Seventy-five thousand dollars).

## VENUE

5. Venue is proper in this district because the Defendant Bard College owned and operated an educational institution in this district and owned operated and controlled the institution known as Defendant Bard College at Simon's Rock.

## FACTS COMMON TO ALL COUNTS

6. Defendant Bard College located in Annandale-On-Hudson, New York owns and operates a satellite campus known as Defendant Bard College at Simon's Rock located in Great Barrington, Massachusetts.

7. Defendant Bard College at Simon's Rock (hereinafter Simon's Rock) is a small liberal arts college that markets itself to the world as "the early college". It solicits and enrolls children as young as 14 years old and in fact solicited Plaintiff Kirsty Fryer.

8. The campus at Simon's Rock fosters an atmosphere of underage drinking, drug use and sexual assault of which can contribute to mental health problems among its students.

9. In the early winter or spring of 2020, Plaintiff, at age 15 applied to the school, underwent an interview and was invited into Simon's Rock for the fall 2020 class. At this time Plaintiff was a sophomore in high school.

10. Plaintiff arrived at Simon's Rock in late August of 2020 and within a matter of a weeks started buying marijuana from another male classmate in her dormitory who was also a minor.

11. On or about September 6, 2020, while in the dormitory room of the same male classmate Plaintiff was provided marijuana which was unknowingly adulterated with a substance rendering Plaintiff incapacitated.

12. At that time and place, Plaintiff was forcibly sexually assaulted by the male classmate.

13. In the days following the sexual assault, Plaintiff reported it to no less than 3 representatives of Defendant including her resident assistant, her academic advisor, and a professor.

14. At no time did Defendant Simon's Rock make a formal report of the assault.

15. At no time did Defendant Simon's Rock report the assault to Plaintiff's parents.

16. At no time did Defendant Simon's Rock direct a mental health counselor to interview plaintiff.

17. In the days and weeks following the sexual assault plaintiff became increasingly depressed and began to suffer symptoms of PTSD including nightmares.

18. In the days and weeks following the sexual assault Plaintiff began to drink alcohol excessively and became addicted to stimulants.

19. In the days and weeks following the sexual assault Plaintiff developed an eating disorder and began to become malnourished and passed out.

20. Upon returning home, Plaintiff has undergone extensive mental health treatment and therapy provided by mental health psychologists and psychiatrists that has been required up to the present time and that will continue indefinitely.

21. Plaintiff has been advised that she has sustained permanent devasting mental health injuries causally related to the subject assault and lack of immediate care following it.

## AS AND FOR THE FIRST CAUSE OF ACTION
### Negligence

22. At all times relevant herein, Defendants individually and jointly, had a special relationship with Plaintiff, a minor, and had a duty of care to stand in loco parents in caring for her safety and welfare while at their school.

23. Defendants negligently and carelessly breached the duty of care owed to Plaintiff by:

    a. Failing to provide adequate security and supervision in the dormitories.

    b. Failing to enforce its own policies and procedures regarding use of illicit drugs, underage drinking and overall supervision.

    c. Failing to have adequate policies and procedures regarding the required response to Plaintiff's report of sexual assault.

    d. Failing to follow its policies and procedures regarding a response to Plaintiff's report of a sexual assault.

    e. Failing to adequately provide mental health treatment and care to Plaintiff following a report of sexual assault.

    f. Failing to ever notify Plaintiff's parents of the sexual assault at any time so that Plaintiff's parents could have taken reasonable step to intercede on Plaintiff's behalf including ensuring Plaintiff had access to mental health supports.

    g. Failing to ensure that Plaintiff had proper medical and mental health care and counseling care, once the assault had been reported to at least three of its employees.

    h. Failing to report Plaintiff's sexual assault to law enforcement.

24. As a direct and proximate cause of each Defendant's negligence aforesaid, plaintiff has sustained damages including but not limited to physical pain and suffering, mental anguish and trauma permanent in nature.

25. As a direct and proximate cause of each Defendant's negligence, Plaintiff was

deprived of timely and necessary mental health treatment and counseling, further aggravating the trauma from the sexual assault.

26. As a direct and proximate cause of each Defendants' negligence Plaintiff has been required to seek medical care and treatment, said treatment continuing into the future. Plaintiff has incurred extensive medical bills for her care and treatment and will continue into the future.

## AS AND FOR THE SECOND CAUSE OF ACTION
### Willful and Wanton Intentional Acts

27. The Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as fully set forth therein.

28. At all times relevant herein, once the defendants learned of Plaintiff sexual assault, they purposely, willfully, wantonly and intentionally acted in such way to deprive Plaintiff of all necessary care that any person particularly a minor, would require following a sexual assault.

29. As a direct and proximate cause of each Defendant's conduct Plaintiff has sustained damages including but not limited to physical pain and suffering and mental pain and suffering and trauma permanent in nature.

## AND AS FOR THE THIRD CAUSE OF ACTION
### Breach of Contract

30. The Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as is fully set forth herein.

31. Defendants had an express and implied contract with plaintiff's parents as to which Plaintiff was an intended third-party beneficiary while a minor, such contract supported by adequate consideration, whereby Defendants promised among other things to provide a reasonably safe environment for Plaintiff, reasonable, appropriate and properly coordinated student support services and medical, mental health and emergency services to Plaintiff and to notify Plaintiff's parents of significant safety concerns.

32. Defendants breached its contract as set forth above resulting in Plaintiff not obtaining the promised education benefits as well as resulting in severe physical and emotional pain and suffering.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Kirsty Fryer demands judgment against each Defendant, jointly and severally for:

a. Compensatory damages;

b. Punitive damages;

c. Breach of contract damages;

d. Interest thereon;

e. Costs of suit;

f. Reasonable attorney fees;

Respectfully submitted,

**THE LAW OFFICES OF GEOFFREY D. MUELLER, LLC**

By: _____
Geoffrey D. Mueller, Esq
Attorney ID No.: GM0134
Attorneys for the Plaintiff Kirsty Fryer
366 Kinderkamack Road
Westwood, New Jersey 07675
Phone No.: (201) 569-2533
Fax No.: (201) 569-2554
Email: gmueller@gdm-law.com